UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:03-CR-74

v.

Hon. Richard Alan Enslen

JAMES STEVEN BARANOSKI,

**OPINION**

        Defendant.

_____/

      This matter is before the Court on Defendant James Steven Baranoski's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Plaintiff United States of America has timely answered the Motion. Defendant has failed to file a timely reply in accordance with Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts and the Court's Order of April 19, 2005.

**BACKGROUND**

      Defendant was sentenced on December 8, 2003 to a term of 108 months incarceration for the offense of knowingly and intentionally possessing pseudoephedrine tablets with the intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(1) and 802(34)(K). The sentencing followed Defendant's March 5, 2003 guilty plea to Count One of the Indictment. In connection with the offense, Defendant possessed more than 10,000 pseudoephedrine tablets, a sawed-off shotgun, and a miniature Ruger. Thirteen other weapons were also found in Defendant's storage unit in connection with his offense conduct. Based on his offense conduct, Defendant was scored with a total offense level of 33, a criminal history category of III, and a guideline range of 168

to 210 months incarceration. The sentence Defendant received was substantially less than his guideline range because the Court departed under section 5K1.1 of the United States Sentencing Guideline Manual due to Defendant's substantial assistance to the authorities. (*See* Gov'ts Mot. for Downward Departure, Dkt. No. 21.)

Defendant's Judgment of Sentence entered on December 10, 2003. Defendant failed to make any appeal of his sentence. Defendant signed his section 2255 motion on April 7, 2005 and it was filed with the Court shortly thereafter. Defendant makes three arguments in his section 2255 motion. Two of those arguments are premised on the United States Supreme Court's interpretations in *United States v. Booker*, 125 S. Ct. 738 (U.S. Jan. 12, 2005). The third is premised on the Supreme Court's interpretations in *Shepard v. United States*, 125 S. Ct. 1254 (U.S. Mar. 7, 2005).

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under 28 U.S.C. § 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Furthermore, section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). A movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

**LEGAL ANALYSIS**

Defendant's two *Booker* arguments cannot succeed due to the Sixth Circuit's decision in *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. Feb. 25, 2005). *Humphress* held that the rule in *Booker* is a new constitutional rule which should be applied only prospectively and to cases on direct review. The *Humphress* Court rejected the notion that the rule in *Booker* was a "watershed rule of criminal procedure" which should be applied retroactively. *Id.* This ruling was consistent with the rulings of other circuits as discussed in *Humphress*. *Id.* This holding prevents the application of *Booker* retroactively, including to Defendant's case. In other words, Defendant's first two arguments fail due to timing.

Defendant's third argument also fails as a matter of law. The *Shepard* ruling was a limited one which was intended to reverse the Third Circuit's sentencing procedures in a limited kind of case–cases in which a defendant's past criminal history is penalized under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The *Shepard* ruling changed the law in the Third Circuit, but not in the Sixth Circuit as to this kind of case. Its holding has no application to Defendant's sentencing, which did not involve the Act. (Defendant had no objection at sentencing to his criminal history scoring. His scoring was mundane and did not involve either § 924(e) or § 4B1.4 of the United States Sentencing Guideline Manual.) Simply put, the *Shepard* ruling provides no basis for relief for Defendant. *See also United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (holding that

after *Booker* the district courts retain power to fully consider criminal history facts at sentencing without submission of criminal history issues to the jury); *United States v. Stafford*, 258 F.3d 465, 475 (6th Cir. 2001) (holding that the government need not establish at sentencing those factual findings (relating to drug types and quantities) which are not disputed).

As such, Defendant is entitled to no relief on his Motion.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Defendant as to each of the issues asserted. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the three issues raised, the Court determines that this standard is not met as to any of the three issues. The Sixth Circuit's decision in *Humphress* precludes relief as to the first two arguments and a plain reading of *Shepard* precludes relief as to the third. Therefore, a certificate will be denied.

## **CONCLUSION**

Therefore, a Final Order shall issue denying Defendant' section 2255 Motion and denying a certificate of appealability.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 9, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |